**Dated: August 12, 2008**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

Jim Stilwell   Case No. 07-80826
Tanya Stilwell   Chapter 13

    Debtors.

# O R D E R

On the 17th day of July, 2008, there came on for evidentiary hearing Trustee's Motion to Modify Plan (Docket Entry No. 33), Trustee's Second Modified Plan (Docket Entry No. 35), and Debtors' Objection to Trustee's Motion to Modify Plan (Docket Entry No. 37). Appearances were entered by William M. Bonney, Chapter 13 Standing Trustee, and Melinda G. Dunlap, attorney for Debtors. The Debtors were also in attendance. Based upon the record presented to the Court, the Court hereby enters its findings and conclusions.

The Trustee presented evidence to the Court that the Debtors had received a large income tax refund of approximately $5,200 for the tax year 2007. Based upon this refund, the Trustee believes that Mr. Stilwell is having an excess amount withheld from his

paycheck for the payment of federal income taxes. Thus, he should be required to amend his withholdings and the Debtors required to devote more funds to repayment of their debts in their Chapter 13 bankruptcy plan. The Trustee presented evidence suggesting that Debtors withhold approximately $400 to $500 more per month than is necessary for payment of their income taxes. He also calculates that Debtors have from $700 to $900 in additional income available each month that they can devote to repayment of debt. The Trustee acknowledged that Debtors had originally provided accurate information to the Court in their Bankruptcy Petition and Schedules. He also stated that it was not his intent to require Debtors to disgorge their tax refund.

Debtors argue that they complied with all laws, rules, and procedures required of Chapter 13 debtors. Mr. Stilwell testified that he experienced health problems and missed a lot of work, therefore he could not pay his bills. His wife is not employed outside the home, and his mother-in-law and nephew live with them. His mother-in-law receives approximately $600 per month but does not regularly contribute funds for household expenses. His nephew is eighteen years old, will be a senior in high school this fall, and is not employed. He stated that the income listed for the Means Test was based upon significant amounts of overtime worked prior to filing bankruptcy, but that he was now earning $3,000 less than in 2007. He also testified that he recently changed his income tax withholdings so that less tax would be withheld.

Mr. Stilwell testified that he has received tax refunds of approximately $5,000 for each of the last three tax years. He stated that he was not required to turn over his 2007 tax refund to the Trustee because he was current on his payments at the time he received the refund. He also told the Court that his expenses had increased since his original

schedules were filed, due to inflation and various home and auto repairs that were not expected. He represented to the Court that he and his attorney were preparing to amend his bankruptcy schedules to reflect his decreased income and increased expenses.

11 U.S.C. § 1329(a)(a) permits post-confirmation modification prior to completion of the payments under a Chapter 13 Plan to increase the amount of payments on claims of a particular class. The Trustee seeks to increase payments to unsecured creditors. Debtors' original plan provided for nothing to be distributed to unsecured creditors. (Docket Entry No. 18). That plan was modified to increase the distribution to unsecured creditors to 11.03%. (Docket Entry No. 31). Trustee seeks to further increase that distribution to unsecured creditors. Based upon the above and foregoing evidence, it is this Court's determination that the Trustee's Motion to Modify should be granted. Debtors do have additional income available with which to increase their monthly plan payments by $200, in order to increase the distribution to unsecured creditors. Although the income information provided by Debtors at the time of filing did reflect the current pay Debtors were receiving, this was based upon withholding of substantially more income than was necessary to pay Debtors' income tax. The tax refunds Debtors have received over the last several years equate to approximately $500 a month in withholding over and above the amount required to pay income tax. However, the Court declines to order the Debtors to turn over their tax refunds to the Trustee as requested in the Second Amended Modified Plan.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Trustee's Motion to Modify Plan should be **granted**.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Debtors' Plan

Payments shall be increased by $200 each month.

IT IS FURTHER ORDERED that, in order to effectively implement the Plan as modified herein, the Debtors are instructed to comply with 11 U.S.C. §§ 1326 and 1327 and the Local Rules of this Court, to-wit:

A. The Debtors shall submit the disposable income provided for in the Plan as modified herein to the Trustee for distribution to creditors. 11 U.S.C. § 1326(a)(1).

B. The Debtors shall be bound by the terms of the confirmed Plan as modified herein. 11 U.S.C. § 1327(a).

C. Unless otherwise provided for in the Plan as modified herein, all property of the estate is vested in the Debtors upon entry of this Order. 11 U.S.C. § 1327(b).

IT IS FURTHER ORDERED that the Debtors shall strictly comply with the implementation instructions contained herein.

# # #